Filed 8/22/14  P. v. Soliz CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

|  |  |
|---|---|
| THE PEOPLE, | C075448 |
| Plaintiff and Respondent, | (Super. Ct. No. 12F01442) |
| v. | |
| HENRY FRANCISCO SOLIZ, | |
| Defendant and Appellant. | |

This is an appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

On February 26, 2012, defendant Henry Francisco Soliz argued with the victim Dennis Wanstreet about comments the victim had made to defendant's girlfriend. Defendant pulled out a knife and slashed the victim's face, cutting him through-and-through, from his ear to his chin, which required over 60 stitches. Defendant told the victim that he (defendant) was a "gangster" and threatened to cut the victim's throat. The victim then moved away from defendant, fearing he would be cut again.

1

Defendant entered a no contest plea to assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1))[1] and making criminal threats (§ 422) and admitted personally inflicting great bodily injury (§ 12022.7, subd. (a)) in exchange for dismissal of the remaining charge (aggravated mayhem) and enhancement (prior prison term) and a stipulated state prison sentence of seven years eight months.  The trial court sentenced defendant accordingly (upper term of four years for the assault offense, a consecutive three-year term for the great bodily injury enhancement, and a consecutive one-third the midterm or eight months for criminal threats) and awarded a total of 618 days of presentence custody credit.[2]

Defendant appeals.  He did not request a certificate of probable cause.  (§ 1237.5.)

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal.  (*Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days elapsed, and we received no communication from defendant.  Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

---

[1]  Undesignated statutory references are to the Penal Code.

[2]  The trial court originally awarded a total of 614 days of presentence custody credit but, upon defense appellate counsel's request, modified the number of actual days and the total credit to 618 days and issued an amended abstract of judgment accordingly.

DISPOSITION

The judgment is affirmed.

            BLEASE     , J.

We concur:

  RAYE     , P. J.

  MAURO    , J.

3